

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

March 24, 1967

Hon. J. R. Singleton
Executive Director
Parks and Wildlife Department
Austin, Texas

Opinion No. M-47

Re: Construction of
Article 6069, V.C.S.

Dear Mr. Singleton:

You have requested our construction of the following portion of Article 6069, Vernon's Civil Statutes, which sets forth one of the duties of the Parks and Wildlife Department as follows:

". . .to arrange for or employ a <u>keeper</u> in each of the State Parks. . .who shall be clothed with all the powers and authority of a peace officer of the county, for the purposes of caring for and protecting the property within said parks." (Emphasis Supplied.)

Your questions may be stated as follows:

(1) Who may be designated as a "keeper" as that term is employed in Article 6069, V.C.S.?

(2) Whether more than one "keeper" or an assistant to the "keeper" may be designated in the larger State Parks?; and,

(3) Whether the designation of a Parks and Wildlife Department employee as "keeper"-and his continuation as an employee of the Parks and Wildlife Department under one of the categories for which funds have been provided by the appropriation act adopted by the 59th Legislature would violate Section 33, Article 16 of the Texas Constitution?

In your request you have stated, in part, that:

". . .

"For many years (from the late 1930's until September 1, 1965) the respective appropriation acts provided annual salaries for the position of "Park Keepers" in certain specified State Parks. Effective September 1, 1965, the

- 217 -

appropriation acts, based on the State Classification System, have made no provision for "Park Keepers" as such, but have set up certain classified positions as Park Superintendent III, Park Superintendent II, Park Superintendent I, Park Attendant III, Park Attendant II, Park Attendant I. . ."

It has been assumed that the designation "Park Keeper" (as provided for by prior appropriation bills) was intended to refer to the person with the duties designated in the above quoted portion of Article 6069.

Employing the canon of construction that the law does not favor a repeal by implication, we do not feel that the 59th Legislature intended to place in abeyance the duties which the above quoted portion of Article 6069 states shall be performed, but rather, it is our interpretation that the Legislature intended for the Parks and Wildlife Department to delegate such duties to the employees otherwise provided for under the current Appropriation Bill. So long as the Legislature itself does not define the authority and duties of a position for which it provides an employer-agency with an appropriation, such employer-agency may from time to time define and redefine the duties of such position so as to carry out efficiently the duties of such employer-agency - i.e.: the only purpose which may reasonably be ascribed to the Legislature in providing funds for employees of a state agency is so that the employees which may be thereby hired may assist such agency in carrying out its statutory duties.

It is our opinion that the Department being under a duty to arrange for or employ a "keeper" in each of the State Parks should designate either the highest classified employee in each of such parks or some other employee to fulfill the duties set out in the above quoted portion of Article 6069.

We answer your first question as follows:

Any of those employees whom the Parks and Wildlife Department have been authorized to employ may be designated as a "keeper" so long as their duties as "keeper" do not conflict with statutory provisions, if any, defining the duties of such classified position as they may hold.

Your second question is:

"Whether more than one 'keeper' or an assistant to the 'keeper' may be designated in the larger State Parks?"

This question is answered by the clear language of the statute which provides for "a keeper" in each park, but which neither provides for "keepers" in each park nor for "a keeper and assistant keepers" in each park. As the language employed is clear and unambiguous your second question is answered in the negative.

Your third question is:

"Whether the designation of a Parks and Wildlife Department employee as 'keeper' - and his continuation as an employee of the Parks and Wildlife Department under one of the categories for which funds have been provided by the appropriation act adopted by the 59th Legislature-would violate Section 33, Article 16 of the Texas Constitution?"

The employee who is designated to perform the duties of "keeper" is not holding at the same time two offices or positions of honor, trust or profit. Only additional duties have been added to the position he is holding. Therefore Section 33 of Article 16 of the Texas Constitution is not violated. We therefore answer your third question in the negative.

## SUMMARY

1.  Any of those agents whom the Parks and Wildlife Department have been authorized to employ may be designated as a "keeper" so long as their duties as "keeper" do not conflict with statutory provisions, if any, defining the duties of such position as they may hold.

2.  The Parks and Wildlife Department may not designate more than one "keeper" in each park nor may the Department designate "assistant keepers" without additional authority from the Legislature.

3.  The employee who is designated to perform the duties of "keeper" is not holding at the same time two offices or positions of honor, trust or profit. Only additional duties have been added to the position he is holding. Section 33 of Article 16 of the Texas Constitution is not violated by the adding of additional duties.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Larry J. Craddock
Assistant Attorney General
LJC/mfw

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Lonny Zwiener
Sam Kelley
Tom Keever
Ronald Luna

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.